LOTTINGER, Judge.
This is a suit in tort for personal injuries suffered by petitioner as the result of an automobile accident. The petitioner is James H. Kendrick. The defendants are Vigilant Insurance Company, the liability insurance carrier on the automobile owned by petitioner, and Miss Shirley J. Lambert, the owner and operator of the other automobile involved in the accident. The trial below was originally tried before a jury which returned a verdict in favor of petitioner and against both defendants in the sum of $10,000. The lower court awarded a rehearing on behalf of defendant, Shirley Lambert, and amended the original judgment so as to dismiss the suit against this defendant, and awarded $5,000 judgment against Vigilant Insurance Company. The defendant, Vigilant Insurance Company as well as plaintiff has appealed.
The record discloses that petitioner is a man 63 years of age and has been blind for a number of years. At the time of the accident in question he was riding as a passenger in his automobile which was being operated by his wife. According to the testimony of Mrs. Kendrick, they were proceeding in an easterly direction on Louisiana State Highway No. 16. Mrs. Kendrick testified that she was traveling at a rate of 40 to 45 miles per hour, that she could not drive faster because it was raining too hard and the visibility was restricted by the weather. While so proceeding at approximately 5:00 p.m. on December 25, 1957 Mrs. Kendrick testified that she suddenly lost control of her car and did not see the Lambert car before the impact. She gave no reason for losing control of her car nor for her failure to see the Lambert car prior to the collision. As a result of the accident petitioner was thrown from the car and received certain injuries for which he now claims damages.
Miss Lambert, on the other hand, testified that she was traveling in a westerly direction along said highway at a speed of approximately 35 to 40 miles per hour. Because of the hard rain falling, visibility was restricted to half a block or 150 feet. Miss Lambert testified that she first saw the Kendrick vehicle at a distance of approximately 150 feet and it was crossing over into its left lane, which was the lane in which the Lambert vehicle was traveling. Miss Lambert immediately applied her brakes and attempted to pull to the left *689 to avoid hitting the Kendrick vehicle, however, the right front of the Lambert car hit the right rear end of the Kendrick vehicle, at approximately the center post on the right side. Mr. Kendrick was thrown into the ditch on the northern side of the highway and came to rest at a distance of about 25 feet from the final resting place of the Kendrick vehicle. The Lambert car came to rest on the south lane of the highway facing north, with the rear wheels on the south shoulder. The Kendrick vehicle came to rest facing southwesterly with its rear right wheel on the north shoulder, and the remainder thereof on the north lane of the highway.
The insurance company takes the position that the accident was caused through negligence of Miss Lambert, particularly in their contention that she failed to notice the Kendrick vehicle sooner than she did. It appears from the testimony of both Mrs. Kendrick and Miss Lambert that the weather conditions were such that visibility was substantially impeded. Miss Lambert testified that she first saw the Kendrick vehicle when it was only 150 feet away and in her lane of traffic. Assuming such to be the case, we fail to see how Miss Lambert could be held guilty of any negligence whatsoever, as she was faced with a sudden emergency which was not caused by any action on her part. She testified that she attempted to pull to the left and to apply her brakes to avoid the impact, however, her attempt proved futile. Due to the speed of the two vehicles, which, according to the testimony of the drivers, was at a relative rate of some 75 to 85 miles per hour, there was absolutely nothing Miss Lambert could do to avoid the impending crash. Mrs. Kendrick testified that she did not attempt to put on her brakes or take any other preventive measures, as she did not see the Lambert vehicle until the moment of impact. The physical facts indicate that the accident occurred as testified by Miss Lambert, and the damages to the respective vehicles indicate that the Kendrick car must have been in its left-hand lane, otherwise the right front of the Lambert car would not have struck the right rear of the Kendrick vehicle.
As to the amount of quantum allowed by the lower court, the record discloses that petitioner was a fairly active person considering his blindness. He often went fishing with friends, and he assisted his wife in caring for their family store prior to the accident. Plaintiff was knocked unconscious as a result of the accident. He had a deep laceration of the margin of the right eyelid, contusion of the right knee and hip and exhaustion. Plaintiff was taken to the Sharoy Clinic for one night and then was sent home where he remained in bed for a period of approximately two weeks during which time he was treated by his doctors. Plaintiff’s Dr. Roy R. Rose contends that plaintiff has approximately 15 or 20 per cent total disability of the right leg as a result of the accident. He further stated that plaintiff had an aggravation of an osteoarthritic condition and had atrophy of the right lower leg of approximately an inch, all as a result of the accident. Defendant’s Dr. Daley testified that he could not find any reasons for the patient’s complaints. Since the accident plaintiff complains of pain in his leg, particularly his knee and hip, and complains that said pain radiates to the right shoulder and neck. No loss of wages is claimed, the only claim being made is for disability was well as pain and suffering. Under the circumstances, we think that the lower court was not excessive nor inad-dequate in awarding the sum of $5,000. We are powerless to increase said award, even if we thought it to be inadequate, as such is the amount of the liability insurance policy. We believe that the amount awarded below was reasonable, and it will not be disturbed.
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by defendant, Vigilant Insurance Company.
Judgment affirmed.